UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT NIEVES,

                Plaintiff,

v.                                        9:07-CV-0003
                                        (LEK/GHL)

SUSAN MUELLER, Physician,
Wallkill Correctional Facility,

                Defendant.

_____

APPEARANCES:                         OF COUNSEL:

ROBERT NIEVES
  Plaintiff, *Pro Se*
3840 Orloff Avenue, No. 4F
Bronx, NY 10463

HON. ANDREW M. CUOMO                RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York
  Counsel for Defendant
The Capitol
New York, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  In his Complaint, Robert Nieves ("Plaintiff") alleges that Dr.

Susan Mueller ("Defendant"), a physician at Wallkill Correctional Facility, violated his rights

under the Eighth Amendment when, between June and December of 2006, she was deliberately

indifferent to his serious medical needs–consisting of injuries to his left leg, ankle, shoulder, arm and wrist, and his right knee and shoulder, due to his having twice fallen out of the top bunk bed in his prison cell–by failing to do more for Plaintiff than simply examining him, ordering that x-rays be taken of his injuries, and providing him with prescription pain medication.  (*See* Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)

Currently pending before the Court is Defendant's motion (1) to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, (2) for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, (3) for an Order compelling Plaintiff to appear at his duly noticed deposition and to provide Defendant with a medical authorization pursuant to Fed. R. Civ. P. 37.  (Dkt. No. 21.)  Plaintiff has not opposed the motion, despite having been *sua sponte* granted an extension of the deadline to do so.  (*See Nieves v. Mueller*, 07-CV-0003, Text Order [N.D.N.Y. filed Apr. 22, 2008].)  Under the circumstances, I recommend that the Court grant Defendant's motion to dismiss for failure to prosecute or, in the alternative, her motion for judgment on the pleadings.

I.      **ANALYSIS**

A.      **Motion to Dismiss for Failure to Prosecute**

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the Court.  *Id*.

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[1]  The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[2]

As a general rule, no single one of these five factors is dispositive.[3]

Here, with regard to the first factor, I find that the duration of Plaintiff's failure to prosecute is some nine (9) months.  More specifically, Plaintiff was supposed to appear for his duly noticed (and judicially authorized) deposition on January 18, 2008.  (*See* Dkt. No. 16 [Order filed Nov. 11, 2007]; Dkt. No. 21, Part 7, at 2 [Ex. D to Lombardo Decl., attaching Notice of Deposition].)  Plaintiff failed to do so.  (Dkt. No. 21, Part 2, ¶ 14 [Lombardo Decl.]; *see* Dkt. No. 19, at 1 [Letter from Richard Lombardo to Court, filed Jan. 18, 2008].)  In addition, to date, Plaintiff has failed to make himself available for his deposition.  (*See generally* Docket Sheet.) Generally, durations of this length in time–nine months–are sufficient to weigh in favor of

---

[1]       *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

[2]       *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

[3]       *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

dismissal.[4]  As a result, I find that the first factor weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the second factor, I find that Plaintiff has repeatedly received adequate notice that failing to make himself available to be deposed would result in dismissal.  (*See*, *e.g.*, Dkt. No. 16, at 2 [Order filed Nov. 11, 2007, stating that "the failure of plaintiff to attend, be sworn and answer appropriate questions may result in sanctions including dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure."]; Dkt. No. 18 [Order filed Jan. 23, 2008, advising Plaintiff that "his failure to prosecute his claims and to comply with his discovery obligations may result in the dismissal of this action"]; Dkt. No. 21, Part 7, at 2 [Ex. D to Lombardo Decl., attaching Notice of Deposition, dated Nov. 19, 2007]; Dkt. No. 21, Part 1 [Notice of Motion, filed March 3, 2008].)  *See also* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(d)(1)(A)(i).  *See also* U.S. District Court for the Northern District of New York *Pro Se* Handbook, at 43, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [last visited Sept. 23, 2008].[5]  As a result, I find that the second factor weighs in favor of dismissal of

_____

[4]     *See Hayes v. Brown,* 04-CV-2342, 2006 WL 2009084, at *2 (E.D.N.Y. July 17, 2006) (nine months); *McNamee v. Schoharie County Jail*, 06-CV-1364, 2008 WL 686796, at *11 (N.D.N.Y. March 10, 2008) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Edwards v. Selsky*, 04-CV-1054, 2007 WL 78442, at *5-6 (N.D.N.Y. March 6, 2007) (Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.) (eight months); *Bhalla v. JP Morgan Chase & Co.*, 03-CV-6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) (eight months); *Coleman v. Doe*, 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) (seven months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months); N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

[5]     Finally, I note that, to assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has provided to all correctional facilities in New York State copies of the Northern District's *Pro Se* Handbook.

Plaintiff's Complaint.

With regard to the third factor, I find, based on the current record, that Defendant is likely to be prejudiced by further delay in the proceedings. She has been waiting to depose Plaintiff, and obtain his medical records pursuant to his authorization, for some nine months. (*See generally* Dkt. No. 21, Part 2 [Lombardo Decl.].) Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence including medical records.[6] As a result, I find that the third factor weighs in favor of dismissal of Plaintiff's Complaint.

With regard to the fourth factor, I find that, under the circumstances, the need to alleviate congestion on the Court's docket[7] outweighs Plaintiff's right to receive a further chance to be heard in this case. I am fully aware of Plaintiff's right to be heard on the civil rights claims he has presented. However, I am also aware that (1) Plaintiff has already had an opportunity to be heard for more than a year-and-a-half in this case, and (2) the Court has (up until now) afforded Plaintiff special solicitude in this case due to his status as a *pro se* litigant, which has effectively worked to prolong this case. (*See, e.g., Nieves v. Mueller*, 07-CV-0003, Text Order [N.D.N.Y. filed Apr. 22, 2008].) Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice

---

[6]     *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

[7]     I note that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

against Defendant.  As a result, I find that the fourth factor weighs in favor of the dismissal of Plaintiff's Complaint.

With regard to the fifth factor, I have carefully considered sanctions less drastic than dismissal of Plaintiff's Complaint.  For example, I find that issuing an Order chastising Plaintiff for his dilatory conduct would not be effective due to his apparent abandonment of this case (e.g., his failure to appear for his deposition, his failure to oppose Defendant's motion, and his failure to take any action in this case since he was released from prison).  As a result, I find that the fifth factor weighs in favor of the dismissal of Plaintiff's Complaint.

Weighing these five factors together, I conclude that they tip the scales decidedly in favor of dismissing Plaintiff's Complaint.  I note that, as the Second Circuit has held, the authority to invoke dismissal for failure to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982), cited by *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. Apr. 5, 2001) (unreported decision, cited not as precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, but only to demonstrate the continued precedential effect of *Lyell Theatre Corp.*).[8]

For this reason, I recommend that the Court dismiss Plaintiff's Complaint for failure to prosecute.

---

[8]     *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

B.      **Alternative Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure provides, in pertinent part: "After the

pleadings are closed . . . any party may move for judgment on the pleadings."  Fed. R. Civ. P.

12(c).  "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a

motion under Rule 12(b)(6)."[9]

Because I have already found that an adequate ground exists upon which to base a

recommendation that Plaintiff's Complaint be dismissed, I need not address the merits of

Defendant's alternative argument that Plaintiff's Complaint fails to state a claim upon which

relief might be granted, pursuant to Fed. R. Civ. P. 12(c).  However, in the interest of

thoroughness, I will report that I have reviewed that argument and found it to be with merit for

the reasons offered by Defendant.  (*See* Dkt. No. 21, Part 10, at 8-12 [Def.'s Memo. of Law].)

I will add only two points.  First, two recent decisions issued by this Court have held that

injuries similar to those alleged by Plaintiff were, as a matter of law, not sufficiently serious for

purposes of the Eighth Amendment.  *See Doumin v. Carey*, 06-CV-1119, 2008 WL 4241075, at

*5-6 (N.D.N.Y. Sept. 12, 2008) (McCurn, J.) ("twisted . . . ankle . . . [that was] unable to bear

weight" not sufficiently serious) [citations omitted]; *Lowman v. Perlman*, 06-CV-0422, 2008 WL

4104554, at *4-5 (N.D.N.Y. Aug. 29, 2008) (Kahn, J., adopting Report-Recommendation of

Treece, M.J.) ("small tear in [plaintiff's] ACL" not sufficiently serious) [collecting cases].

Second, even if I were to find (out of an enormous amount of special solicitude to

---

[9]      *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816
(1994) (citations omitted); *accord*, *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d
123, 126 (2d Cir. 2001) (citations omitted) ("The standard for granting a Rule 12(c) motion for
judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a
claim.").

Plaintiff) that he has alleged facts plausibly suggesting that his injuries, taken together, are sufficiently serious for purposes of the Eighth Amendment, he has alleged no facts plausibly suggesting that Defendant acted with a sufficiently culpable mental state, which is akin to criminal recklessness.[10]  Rather, he has alleged (at most) mere medical malpractice or negligence, which is not actionable under 42 U.S.C. § 1983.[11]

For these reasons, I recommend that, in the alternative, the Court grant Defendant's motion for judgment on the pleadings.

---

[10]      *Farmer v. Brennan,* 511 U.S. 825, 827 (1994) ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for "deliberate indifference" under the Eighth Amendment."); *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim under the Eighth Amendment], equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference.") [internal quotation marks and citations omitted]; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness . . . .") [citation omitted]; *accord, Koehl v. Greene*, 06-CV-0478, 2007 WL 2846905, at *17, n. 98 (N.D.N.Y. Sept. 26, 2007) (Kahn, J.), *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *15, n.124 (N.D.N.Y. Jan. 23, 2007) (Kahn, J.), *Salaam v. Adams*, 03-CV-0517, 2006 WL 2827687, at *10, n.59 (N.D.N.Y. Sept. 29, 2006) (Kahn, J.).

[11]      *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Murphy v. Grabo*, 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J.) ("Deliberate indifference, whether evidenced by [prison] medical staff or by [prison] officials who allegedly disregard the instructions of [prison] medical staff, requires more than negligence.  .  .  .  Disagreement with prescribed treatment does not rise to the level of a constitutional claim. . . .  Additionally, negligence by physicians, even amounting to malpractice, does not become a constitutional violation merely because the plaintiff is an inmate. . . .  Thus, claims of malpractice or disagreement with treatment are not actionable under section 1983.") [citations omitted].").

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Defendant's motion to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, her motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), be **GRANTED**; and it is further

**RECOMMENDED** that Defendant's alternative motion for an Order compelling Plaintiff to appear at his duly notice deposition and provide Defendant with a medical authorization pursuant to Fed. R. Civ. P. 37 be **DENIED** as moot.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance.**[12]

---

[12]    *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans*, 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535

   **BE ALSO ADVISED that the failure to file timely objections to this Report-**

**Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of**

**judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small*

*v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: September 26, 2008
        Syracuse, New York

*George H. Lowe*
George H. Lowe
United States Magistrate Judge

---

(5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and
recommendations [to raise its procedural default argument] . . . Respondent has waived
procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human
Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before
the magistrate and, if unsuccessful, to change their strategy and present a different theory to the
district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds
by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun.
Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not
entitled as of right to de novo review by the judge of an argument never seasonably raised before
the magistrate.") [citation omitted].